UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| BRUNO C. TERNON, derivatively on behalf of CHELSEA NIGHTCLUB OF TAMPA, INC., a Florida Corporation<br><br>Plaintiffs,<br><br>v.<br><br>NICOLETTE DEFILIPPI a/k/a NICOLETTE R. TERNON, an individual,<br><br>Defendant<br>v.<br><br>and CHELSEA NIGHTCLUB OF TAMPA, INC., a Florida Corporation<br><br>Nominal Defendant. | CIVIL ACTION NO. 16-cv-03345-SCB-MAP |

## JOINT MOTION TO APPROVE SETTLEMENT AND FOR DISMISSAL WITH PREJUDICE

All of the parties to this action, by and through their undersigned counsel, move this Honorable Court for approval of their Settlement Agreement and for dismissal of the instant case with prejudice and state as follows in support thereof:

### Relevant Procedural History

1. Plaintiffs filed the Amended Complaint in the case at bar pursuant to Fed. R. Civ. P. 23.1, relating to derivative actions.

2. The action involved an allegation that the defendant, NICOLETTE DEFILIPPI a/k/a NICOLETTE R. TERNON ("Defendant"), improperly distributed funds from CHELSEA NIGHCLUB OF TAMPA, INC. ("Chelsea") to herself while serving as a corporate officer of Chelsea and such funds should have been distributed to Plaintiff BRUNO C. TERNON ("Ternon") upon the dissolution of Chelsea.

3. The allegations, if proven, would have established that Chelsea was harmed by the improper distribution and that Chelsea owed the improperly distributed funds to Ternon.

4. Thereafter the parties to this lawsuit, and only shareholders of the subject corporation, negotiated a settlement to fully and finally resolve the issues relating to this case.

5. Contemporaneously with this Motion, the parties have also filed a Notice of Settlement summarizing the terms and conditions upon which the Parties in this case have agreed to settle.

6. The Parties now jointly file this Motion to Approve Settlement and for Dismissal of this case with Prejudice.

## Memorandum in Support of Motion

Fed. R. Civ. P. 23.1(c) provides as follows in pertinent part:

> **(c). Settlement, Dismissal and Compromise.** A derivative action may be settled, voluntarily dismissed, or compromised only with the court's approval...

The underlying purpose of requiring judicial approval of settlement of shareholder derivative actions is to protect the shareholders and the corporation from unjust or collusive settlement. Saylor v. Lindsley 456 F.2d 896 (D.C.N.Y. 1972). The only shareholders of Plaintiff Chelsea are Ternon and DeFilippi, both of whom are represented by counsel and participated in negotiating the subject settlement agreement at arm's length and have agreed to its terms. As such, there is no danger of collusion or that any shareholder is unprotected from an unjust settlement or would object to the proposed settlement.

The absence of any detailed opposition is a relevant, if not always reliable, factor in assessing fairness of a settlement proposed by parties to a shareholder's derivative action. Greenspun v. Bogan 492 F.2d 375 (1st Cir. 1974). Additionally, where all attorneys actively conducting a stockholder's derivative suit recommend approval of a proposed settlement thereof (although not conclusive) this fact is entitled to considerable weight on a motion for such approval. Fielding v. Allen 99 F. Supp. 137

(S.D.N.Y 1951). In the case at bar, there is no shareholder opposition to the proposed settlement and both attorneys participating in the litigation approve of it.

A settlement of a shareholders' derivative action may thoroughly, reasonably and adequately serve the best interest of a corporation on whose behalf the derivative action is brought, even though no direct monetary benefits are paid by defendants to the corporation. Maher v. Zapata Corp. 714 F.2d 436 (5th Cir. 1983). Other than the alleged obligation to pay Ternon a distribution upon dissolution (which is the subject of this lawsuit), Chelsea has no other known obligations or debts. The proposed settlement agreement would protect Chelsea from owing a debt to Ternon. It is in the best interest of Chelsea, despite the fact that Chelsea would not be receiving a direct payment from Defendant, but rather Chelsea's debt to Ternon would be settled as a result of the agreement.

WHEREFORE, the parties jointly request that this Honorable Court enter an Order approving of the Settlement Agreement and dismissing the subject case with prejudice with each party to pay their own fees and costs.

| | |
|---|---|
| _____ | _____ |
| BRIAN A. LEUNG, ESQ. | KEVIN BRICK, ESQ. |
| brianleung@holcomblaw.com | Kevin.Brick@BrickBusinessLaw.com |
| Florida Bar No.: 014510 | Florida Bar No.: 011500 |
| HOLCOMB & LEUNG, P.A. | BRICK BUSINESS LAW, P.A. |
| 3203 W. Cypress St. | 400 N. Ashley Dr., Suite 2600 |
| Tampa, Florida, 33607 | Tampa, FL 33602 |
| Tel: (813) 258-5835 | Tel: (813) 816-1816 |
| Attorney for Defendant | Attorney for Plaintiffs |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 24th, 2017, a true copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system and that a copy hereof will be electronically served by the electronic filing system upon all counsel of record.

/s/ Kevin G. Brick
Kevin G. Brick, Esq.
Fla. Bar No. 0011500