UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRUNO TERNON, derivatively on
behalf of CHELSEA NIGHTCLUB
OF TAMPA, INC.,

    Plaintiffs,

v.    Case No. 8:16-cv-3345-T-24 MAP

NICOLETTE DEFILIPPI, a/k/a
Nicolette R. Ternon,

    Defendant.

and CHELSEA NIGHTCLUB OF
TAMPA, INC.,

    Nominal Defendant.
_____/

## ORDER

This cause comes before the parties' Notice of Settlement (Doc. No. 16) and their Joint Motion to Approve Settlement (Doc. No. 17). As explained below, the motion is granted.

Plaintiff filed the instant shareholder derivative suit against Defendant. Plaintiff and Defendant were previously married, and they are the only shareholders of Chelsea Nightclub of Tampa, Inc., a dissolved corporation. The parties have settled this lawsuit and seek Court approval of their settlement, pursuant to Federal Rule of Civil Procedure 23.1(c).

Rule 23.1(c) provides that a derivative action may be settled only with the Court's approval. The purpose of Rule 23.1(c) has been explained as follows:

> [The Rule] discourage[s] private settlements under which the plaintiff-stockholder and his attorney profit to the exclusion of the corporation and nonparty stockholders, and [the Rule] prohibit[s] voluntary dismissal from being a cloak for a collusive settlement

> between the plaintiff-stockholder and the defendants. [The Rule] protect[s] the corporation and absent stockholders from a plaintiff who becomes fainthearted and wishes to settle, even though doing so would not be in the best interest of the corporation. [The Rule] also protect[s] against prejudice to the corporation from discontinuance of a derivative suit after the plaintiff-stockholder has already secured an advantage or when the statute of limitations precludes the institution of a new suit.

Cannon ex rel. Bridgepoint Educ., Inc. v. Clark, 2015 WL 4624069, at *4 (S.D.Cal. 2015)(quotation marks and internal citations omitted). Because Plaintiff and Defendant are the only shareholders of the dissolved corporation and the Court has reviewed the terms of their settlement, the Court approves the settlement.

Accordingly, it is ORDERED AND ADJUDGED that the parties' Joint Motion to Approve Settlement (Doc. No. 17) is **GRANTED**. The case is dismissed with prejudice, and the Clerk is directed to close this case.

**DONE AND ORDERED** at Tampa, Florida, this 27th day of March, 2017.

Copies to: Counsel of Record

SUSAN C. BUCKLEW
United States District Judge